UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AARON JUSTIN FULK,

                    Plaintiff,

        v.

J. TURNER,

                    Defendant.

CASE NO. 2:24-CV-02174-RSM-DWC

ORDER DECLINING TO SERVE
COMPLAINT

Plaintiff Aaron Justin Fulk, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve the complaint but provides Plaintiff leave to file an amended pleading by **February 10, 2025**, to cure the deficiencies identified herein.

I.      **Background**

Plaintiff, an inmate currently confined at Western State Hospital, filed this § 1983 action regarding the conditions of his pretrial confinement at King County Jail ("KCJ"). Dkt. 6 at 2, 4–5. In particular, Plaintiff alleges that Defendant J. Turner violated his procedural due process rights by taking Plaintiff's "rack out time" without issuing an infraction report or providing Plaintiff a formal disciplinary hearing. *Id.* at 4–5. He alleges Defendant Turner has taken similar

1    actions against other pretrial detainees. *Id.* Plaintiff seeks $100,000 in damages for his claim. *Id.*

2    at 9.

3    **II.    Screening Standard**

4    Under the Prison Litigation Reform Act of 1995, the Court is required to screen

5    complaints brought by prisoners seeking relief against a governmental entity or officer or

6    employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

7    complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

8    state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

9    who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

10   152 F.3d 1193 (9th Cir. 1998).

11   The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S.

12   97, 106 (1976). However, the pleadings must raise the right to relief beyond the speculative level

13   and must provide "more than labels and conclusions, and a formulaic recitation of the elements

14   of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing

15   *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

16   **III.    Discussion**

17   In his complaint filed pursuant to 42 U.S.C § 1983, Plaintiff alleges a single procedural

18   due process claim against Defendant Turner in his individual capacity. Dkt. 6 at 4–5. Upon

19   review, the Court concludes Plaintiff's claim is deficient and must be cured before he may

20   proceed in this action. The Court addresses the claim's deficiencies below.

21   To proceed under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of

22   rights protected by the Constitution or created by federal statute, and (2) the violation was

23   proximately caused by a "person" acting under color of state law. *See Crumpton v. Gates*, 947

24   F.2d 1418, 1420 (9th Cir. 1991). Thus, the first step in pleading an individual capacity § 1983

ORDER DECLINING TO SERVE COMPLAINT - 2

claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). On step two, a plaintiff must allege facts showing how an individual defendant caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

To show a procedural due process violation occurred, a plaintiff must allege two elements: (1) the deprivation of a constitutionally protected liberty or property interest, and (2) the denial of adequate procedural protections. *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002) (citing *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998)). A protected interest may arise directly from the Constitution, "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005).

For pretrial detainees, the due process clause of the Fourteenth Amendment prohibits restrictions on liberty that amount to punishment prior to an adjudication of guilt. *Bell v. Wolfish,* 441 U.S. 520, 535–37 (1979). To determine whether a restriction constitutes punishment, courts consider whether the restriction caused a significant hardship or disability compared to the ordinary conditions of confinement and whether it was imposed for a legitimate nonpunitive purpose rather than to punish. *See Block v. Rutherford*, 468 U.S. 576, 584–85 (1984); *Kingsley v. Hendrickson*, 576 U.S. 389, 398–99 (2015). While convicted prisoners must demonstrate that a restriction imposes an atypical and significant hardship under *Sandin v. Conner,* 515 U.S. 472, 484 (1995), the Ninth Circuit has held that pretrial detainees may have a broader liberty interest in avoiding punitive or excessive restrictions without due process. *See Mitchell v. Dupnik*, 75 F.3d 517, 523–25 (9th Cir. 1996); *Pierce v. Cnty. of Orange*, 526 U.S. 1190, 1205–06 (9th Cir. 2008).

1  Not every inconvenience or restriction during pretrial detention amounts to punishment

2  or requires procedural protections as a matter of federal constitutional law. *Bell,* 441 U.S. at 537.

3  Minor restrictions or temporary, short-term losses of privileges are considered *de minimis* and do

4  not rise to the level of constitutional violations. *Id.* at 539 n.21; *Peyton v. Cnty. of Ventura*, No.

5  17-cv-3202-VAP-AJW, 2017 WL 6816355, at *2–3 (C.D. Cal. Aug. 23, 2017), *report and*

6  *recommendation adopted by* 2018 WL 317791 (C.D. Cal. Jan. 3, 2018). In other words,

7  procedural due process protections, such as notice and a hearing, are triggered only where the

8  restriction is sufficiently severe, excessive, or punitive in nature. *See Demery v. Arpaio*, 378 F.3d

9  1020, 1028 (9th Cir. 2004).

10  Here, Plaintiff alleges that his "rack out" time was taken away without formal

11  disciplinary proceedings, but the complaint lacks sufficient detail to determine whether this

12  restriction was sufficiently severe, excessive, or punitive to trigger his procedural due process

13  protections. The complaint does not describe what "rack out" time entails and what restrictions

14  Plaintiff suffered when it was taken away. Similarly, Plaintiff does not specify how long his

15  "rack out" time was taken away, and courts have consistently held that temporary and minor

16  restrictions do not constitute constitutional violations. *See Peyton*, 2017 WL 6816355, at *2–3

17  (collecting cases).

18  Moreover, the complaint does not indicate the reason Plaintiff's "rack out" time was

19  taken away as required to show whether the restriction was imposed as punishment or as an

20  incident of a legitimate governmental purpose. This distinction is critical because the procedural

21  protections owed to pretrial detainees largely depends on the purpose for the restriction. *See*

22  *Block*, 468 U.S. at 584–85; *Mitchell*, 75 F.3d at 522–25; *Demery*, 378 F.3d at 1028–29. Without

23  more information, Plaintiff has failed to show whether the loss of his "rack out" time was

24  punitive in nature or merely an administrative measure within the discretion of facility officials.

ORDER DECLINING TO SERVE COMPLAINT - 4

*Stevenson v. Jones,* 254 F. Supp. 3d 1080, 1093 (N.D. Cal. 2017) ("For example, jailers 'must be able to take steps to maintain security and order' at the jail, so restraints that are reasonably related to these goals are not, without more, unconstitutional punishment.") (quoting *Bell*, 441 U.S. at 540).

Thus, in its current form, the complaint fails to state a procedural due process claim against Defendant Turner. Plaintiff must address these deficiencies before he may proceed. In any amended pleadings, Plaintiff should provide additional detail about the nature and significance of "rack out" time, for how long his "rack out" time was restricted, and the reasons for this restriction. Plaintiff should also take care to allege sufficient facts demonstrating Defendant Turner's personal participation in causing his alleged injuries. In doing so, Plaintiff should only describe Defendant Turner's alleged conduct toward him and avoid discussing actions taken against other individuals. *See Wasson v. Sonoma Cnty. Junior Coll.*, 203 F.3d 659, 663 (9th Cir. 2000) ("Parties ordinarily are not permitted to assert constitutional rights other than their own."). Without these additional details, the complaint does not establish that Plaintiff was denied procedural protections guaranteed by the Fourteenth Amendment or that Defendant Turner personally participated in denying those protections.

## IV. Instructions

Due to the deficiencies described above, the Court will not serve Plaintiff's complaint. If Plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint and within it, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered

because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

     Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the previous complaints by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. Plaintiff should not attach exhibits to the amended complaint and any exhibit will not be considered as part of the amended complaint.

     The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint in any defendant who is not specifically linked to a violation of Plaintiff's rights. If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **February 10, 2025**, the undersigned will recommend dismissal of this action.

     The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is also directed to send copies of this Order and *Pro Se* Instruction Sheet to Plaintiff.

     Dated this 8th day of January, 2025.

David W. Christel
United States Magistrate Judge